UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------------X
DARRYL WOOLFOLK,

                        Plaintiffs                        COMPLAINT

   -against-

CITY OF NEW YORK , POLICE OFFICER MICHAEL BALDOFSKY

                        Defendants
------------------------------------------------------------------------------------- ---X

Plaintiff DARRYL WOOLFOLK, brings this action under 42 U.S.C. section 1983 to redress his civil and legal rights and alleges as follows:

PRELIMINARY STATEMENT

1. This is a civil rights action which the above named plaintiff , seeks relief for the defendants' violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. 1983, by the United States Constitution including its First, Fourth and Fourteenth Amendments and by the laws and Constitution of the State of New York. Plaintiff seeks compensatory and punitive damages , an award of costs and interest and attorney's fees and such other and further relief as this Court deems just and proper.

JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon

this Court by 28 U.S.C. 1331 and 1343, this being an action seeking redress for the violation of the Plaintiffs' constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4. Venue in this District is proper under 28 U.S.C. 139(b) and (c) in that Defendant CITY OF NEW YORK is administratively located within the SOUTHERN DISTRICT of New York, and the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

5. At all times relevant to this action, Plaintiff, DARRYL WOOLFOLK, hereinafter referred to as Plaintiff, is a resident of Richmond County, New York.

6. Defendant CITY OF NEW YORK, hereinafter referred to as the CITY, is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, hereinafter referred to as NYPD, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officer, MICHAEL BALDOFSKY, Defendant, hereinafter referred to as BALDOFSKY.

7. Defendant, BALDOFSKY, was an agent of the NYPD, a municipal agency of Defendant CITY. At all times relevant herein, the individual defendant was acting under color of laws , statutes, ordinances , regulations, policies, and /or usages of the State of New York and in the course and scope of all his duties and functions as officers, agents, servants and employees of Defendant CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York City Police Department and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. He is sued individually and in his official capacity.

8. By his conduct, acts, and omissions complained of herein, Defendant, , BALDOFSKY, violated clearly established constitutional standards under the First, Fourth, and Fourteenth Amendments to the United States Constitution of which a reasonable police officer under the circumstances would have known.

.                    STATEMENT OF FACTS

9. On July 3, 2016 , the plaintiff, WOOLFOLK, while at his residence located at 158 Holland Ave. Staten Island , New York, at approximately 6pm, called the New York City Police because of a disturbance involving his adult daughter.

10. The defendant NYPD officers arrived and thereafter attacked the plaintiff, WOOLFOLK, and during the course of arresting and handcuffing the plaintiff, the defendant, BALDOFSKY ,using excessive force, pulled the plaintiff's arm out of its socket.

11. As a result of using excessive force in effectuating his arrest the defendant, BALDOFSKY caused the plaintiff great pain and suffering that necessitated surgical repair at Richmond University Medical Center

**FIRST CLAIM: EXCESSIVE FORCE**

**DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. 1983**

12. Plaintiff re-alleges and incorporate by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

13. The conduct and actions of Defendants named above acting in concert and under color of law, in authorizing, directing the unlawful seizure of the plaintiff and/or causing injuries to plaintiffs by using excessive and unreasonable force upon said plaintiffs, was done intentionally, willfully, maliciously, with deliberate indifference and /or with reckless disregard for the natural and probable consequences of their acts, done without lawful justification or reason and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiffs' rights as guaranteed under 42 U.S.C. 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from the use of excessive , unreasonable, and unjustifiable force and unreasonable and unjustified seizure and arrest.

14. As a result of the foregoing Plaintiffs were subjected to serious physical emotional pain and suffering, and were, otherwise damaged and injured.

.

## SECOND CLAIM:  FALSE ARREST AND IMPRISONMENT

## DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. 1983

15. Plaintiff re-alleges and incorporates by reference the allegations set forth in each proceeding paragraph as if fully set forth herein.

16. The conduct and actions of Defendants named above acting in concert and under color of law, in authorizing, directing the unlawful seizure of the plaintiff and/or causing injuries to plaintiffs by using excessive and unreasonable force upon said plaintiffs, was done intentionally, willfully, maliciously, with deliberate indifference and /or with reckless disregard for the natural and probable consequences of their acts, done without lawful justification or reason and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiffs' rights as guaranteed under 42 U.S.C. 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from the use of excessive , unreasonable, and unjustifiable force and unreasonable and unjustified seizure and arrest.

17. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty and was otherwise damaged and injured.

## NEGLIGENCE

## COMMON LAW CLAIM

18. Plaintiff re-alleges and incorporates and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

19. Defendant, BALDOFSKY, had a duty and responsibility to perform his police duties without the use of excessive force. BALDOFSKY'S, use of force upon Plaintiff when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to defendants or to others constitutes negligence for which Defendant, BALDOFSKY, is directly liable.

20  Defendant, BALDOFSKY'S, use of force against Plaintiff constitutes negligence for which Defendant BALDOFSKY, is directly liable

21. As a proximate result of defendant LASSEN'S negligent use of excessive force, Plaintiff suffered physical and emotional pain and suffering and was otherwise damaged and injured.

## *MONELL* CLAIM AGAINST THE CITY OF NEW YORK -

22. Plaintiff re-alleges and incorporates by reference the allegations set forth in each previous paragraph as if fully set forth herein.

23. The CITY OF NEW YORK directly caused the constitutional violations suffered by Plaintiffs, and is liable for the damages suffered by Plaintiffs as a result of the conduct of the defendant NYPD OFFICERS The conduct of the defendant officers was a direct consequence of policies and practices of Defendant CITY OF NEW YORK.

24.. At all times relevant to this complaint Defendant CITY OF NEW YORK, acting through the NYPD, had in effect policies, practices, and customs that were deliberately indifferent to the unconstitutional conduct of the police brutality against African Americans and other minorities in their communities and were a direct and proximate cause of the damages and injuries complained of herein.

25. At all times relevant to this complaint, Defendant CITY OF NEW YORK, acting through its police department and through the individual defendants, had policies , practices, customs and usages of tolerating and or tacitly sanctioning the violation of the constitutional rights of the African American and other minority rights to be free from the use of excessive force by the City of New York police officers. That said excessive force constituted a pattern of behavior that constituted constructive notice that said constitutional violations were occurring. That the failure of the CITY OF NEW YORK to implement policies to specifically address this pattern of behavior showed a deliberate indifference to said unconstitutional behavior of their employees such that it continued unabated. There was no policies implemented to encourage police officers to report such misconduct and the failure to do so in effect caused such constitutional rights violations to continue unabated . These policies, practices were a direct and proximate cause of the unconstitutional conduct alleged herein.

## NEGLIGENT SUPERVISION, RETENTION AND TRAINING
## COMMON LAW

26. Plaintiff re-alleges and incorporates and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

27. DEFENDANT CITY OF NEW YORK, negligently trained, retained, and supervised Defendant BALDOFSKY and other New York City Police Officers. The acts and conduct of Defendant BALDOFSKY , was the direct and proximate cause of injury and damage to Plaintiffs and violated their statutory and common law rights as guaranteed by the law and Constitution of the State of New York.

28. As a result of the foregoing , Plaintiffs were deprived of their liberty , were subjected to great physical and emotional pain and suffering and was otherwise damaged and injured.

**WHEREFORE,  PLAINTIFF DEMANDS THE FOLLOWING RELIEF AGAINST THE DEFENDANTS JOINTLY AND SEVERALLY**

Compensatory damages in the amount to be determined by a jury.

a. Punitive damages in an amount to be determined by a jury.

b. The convening and empanelling of a jury to consider the merits of the claims herein:

c. Costs and interest and attorney's fees:

d. Such other and further relief as this Court may deem just and proper.

Dated:  July 1, 2019
Newburgh, New York

Yours etc.,

*andrew bersin*
Law Office of Andrew Bersin
11 Peter Ave
Newburgh,NY 12550
(845)527-8812