UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DARRYL WOOLFOLK,                            :
                                            :
                  Plaintiff,                :
                                            :
         v.                                 :        **DECISION & ORDER**
                                            :        19-CV-3815 (WFK) (ST)
MICHAEL BALDOFSKY,                          :
                                            :
                  Defendant.                :
-------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**  Plaintiff Darryl Woolfolk
("Plaintiff") brings this action against New York City Police Officer Michael Baldofsky
("Defendant") for excessive force and false arrest under 42 U.S.C. § 1983.  Before the Court are
the parties' motions in limine.  ECF Nos. 47, 52.  For the reasons below, the Court GRANTS in
part and DENIES in part both motions.

## BACKGROUND

On July 1, 2019, Plaintiff filed a Complaint against the City of New York and Defendant.

Compl., ECF No. 1.  Plaintiff alleged Defendant unlawfully arrested and subjected him to

excessive force on or about July 3, 2016, in violation of the Fourth and Fourteenth Amendments

to the United States Constitution.  *Id.* ¶¶ 9-11.  Plaintiff asserted claims of: (1) excessive force;

(2) false arrest and imprisonment; (3) negligence; (4) a *Monell* claim against the City of New

York; and (5) negligent supervision, retention, and training.  *Id.* ¶¶ 12-28.

On January 30, 2020, the parties stipulated to dismiss with prejudice Plaintiff's claims

against the City of New York and all claims under New York State law.  Stipulation, ECF No.

16.  The parties also agreed to dismiss the City of New York from the case.  *Id.*  Remaining are

Plaintiff's claims against Defendant for false arrest and excessive force.  *See id.*; *see also* Pre-

Trial Order, ECF No. 37.

A five-day jury trial is scheduled to commence on July 11, 2022.  On December 17,

2021, the parties stipulated to submit all pretrial submissions, including motions in limine, by

June 20, 2022.  Order, ECF No. 42.  On June 24, 2022, Defendant submitted his motion in

limine.  Def.'s Mot., ECF No. 47.  Plaintiff submitted his motion in limine on July 5, 2022,

nearly fifteen days after the deadline.[1]  Pl.'s Mot., ECF No. 52.

## DISCUSSION

### I.  Legal Standard

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on

the admissibility and relevance of certain forecasted evidence."  *Gorbea v. Verizon New York,*

*Inc.*, No. 11-CV-3758, 2014 WL 2916964, at *1 (E.D.N.Y. June 25, 2014) (Matsumoto, J.)

(citing *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984)).  "Evidence should be excluded on a

motion *in limine* only when the evidence is clearly inadmissible on all potential grounds."  *Id*.

Moreover, "courts considering a motion in limine may reserve decision until trial, so that the

motion is placed in the appropriate factual context."  *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d

529, 536 (E.D.N.Y. 2011) (Matsumoto, J.).  This determination is "subject to change when the

case unfolds, particularly if the actual testimony differs from what was contained in [earlier

statements].  Indeed[,] even if nothing unexpected happens at trial, the district judge is free, in

the exercise of sound judicial discretion, to alter a previous *in limine* ruling."  *Luce*, 469 U.S. at

41–42.

Relevant evidence is admissible at trial.  Fed. R. Evid. 402.  Evidence is relevant if "(a) it

has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  However, "[t]he

---

[1] Although Plaintiff's motion is stylized as a motion in limine, it also responds to Defendant's
motion.  *See* Pl.'s Mot.  The Court will construe Plaintiff's filing as a standalone motion and an
opposition to Defendant's motion.

court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## II.    Defendant's Motion in Limine

Defendant seeks to preclude Plaintiff from (1) inquiring into the disciplinary history and personnel records of Defendant or non-party witness Colin Corr; (2) referring to the "City of New York" or to defense counsel as "City Attorneys," or suggesting the City of New York will indemnify Defendant; (3) requesting a specific dollar amount from the jury; (4) testifying about his medical diagnosis and the cause of his injuries; (5) introducing testimony of Plaintiff's treating doctor, Dr. Mark Brandon, beyond that of his treatment of Plaintiff and as an expert; (6) mentioning unrelated claims of police misconduct, such as events reported in the media; (7) arguing that his arrest was racially motivated; (8) claiming or submitting evidence that Defendant should have responded in a different manner or used lesser force; and (9) offering evidence of the outcome of his underlying criminal trial in state court.[2]  Def.'s Mot. at 1. Defendant also seeks to introduce evidence of Plaintiff's prior convictions and arrests. *Id.*  The Court addresses each claim in turn.

### a.  *Disciplinary and Personnel Records*

Defendant first seeks to preclude Plaintiff from introducing evidence regarding the disciplinary histories of Defendant and of non-party witness Colin Corr under Rule 404(b) of the

---

[2] Defendant also seeks to preclude Plaintiff from calling witness Tima Moses at trial because she allegedly was not properly identified under Rule 26(a) of the Federal Rules of Civil Procedure. Def.'s Mot. at 1.  But Defendant does not provide any basis for this claim in its moving papers. The Court thus denies this request without prejudice.

Federal Rules of Evidence.  Def.'s Mot. at 3.  Defendant also moves to bar Plaintiff from using this information for impeachment under Rule 608(b).  *Id.* at 4.  Plaintiff does not oppose either request.

Under Rule 404(b)(1), evidence of wrongful acts is not admissible to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  Evidence of prior crimes, wrongs, or acts, however, may be admissible if offered "for any purpose other than to show a defendant's criminal propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403." *Skinner v. City of New York*, No. 15-CV-6126, 2017 U.S. Dist. LEXIS 104650, at *10 (E.D.N.Y. Apr. 7, 2017) (Matsumoto, J.) (quoting *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000)).  The proponent of the evidence bears the burden to demonstrate its admissibility.  *See id.*; *Bermudez v. City of New York*, No. 15-CV-3240, 2019 U.S. Dist. LEXIS 3442, at *21 (E.D.N.Y. Jan. 8, 2019) (Matsumoto, J.) (granting motion in limine against plaintiff where plaintiff "has not satisfied his burdens under Rules 402 or 403.").

Even if evidence of prior bad acts is not admissible under Rule 404(b), it may be admissible to impeach a witness's testimony under Rule 608 of the Federal Rules of Evidence. Although "extrinsic evidence is [generally] not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness," the trial judge "may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of the witness" or "another witness whose character the witness being cross-examined has testified about."  Fed. R. Evid. 608(b).

Because Plaintiff has not responded or opposed Defendant's requests, he has not shown why this evidence is relevant or that its probative value outweighs the risk of prejudice.  The

Court thus grants Defendant's motion in the absence of any countervailing arguments. *See Nunez v. Diedrick*, No. 14-CV-4182, 2017 U.S. Dist. LEXIS 199926, at *12 (S.D.N.Y. June 12, 2017) (Sullivan, J.) (granting defendant's motion to preclude plaintiff from introducing evidence regarding the disciplinary histories of defendant and other non-party police officer witnesses where plaintiff failed to respond to the motion or demonstrate the admissibility of the evidence); *see Bermudez*, 2019 U.S. Dist. LEXIS 3442, at *21 (granting motion to preclude evidence of defendant's disciplinary histories under Rules 404(b) and 608 where plaintiff has failed to offer any basis for its admissibility).

### b. Reference to Defense Counsel as "City Attorneys" or Suggesting the City of New York May Indemnify Defendant

Defendant also moves to preclude Plaintiff from referring to Defendant or to Defense counsel as "the City" or "City attorneys" and from implying the City of New York may indemnify Defendant. Def.'s Mot. at 5. Plaintiff also does not oppose or otherwise respond to this request.

Courts in this district have concluded reference to defense counsel as "City attorneys" in § 1983 cases may unfairly prejudice defendants. *See Jean-Laurent*, 840 F. Supp. 2d at 550 (precluding reference of defense counsel as City attorneys and barring any suggestion the City may indemnify defendants on the grounds it would unfairly prejudice defendants); *Hernandez v. Kelly*, No. 09-CV-1576, 2011 WL 2117611, at *6 (E.D.N.Y. May 27, 2011) (Bloom, Mag. J.) (precluding plaintiff from "mentioning or introducing evidence of the City of New York's potential obligation to indemnify the individual officers if they are found liable.").

Here, whether the City indemnifies Defendant has little relevance to the issues before the jury, and this limited relevance is substantially outweighed by the danger of unfair prejudice to

the Defendant.  *See Edwards v. City of New York*, 8-CV-2199, 2011 WL 2748665, at *5

(E.D.N.Y. July 13, 2011) (Melancon, J.) ("Indemnification is not relevant to any issue before the

jury and plaintiff will not be permitted to inform the jury that defendant might be indemnified by

the City."); *Othman v. Benson*, 13-CV-4771, 2019 WL 1118035, at *4 (E.D.N.Y. Mar. 11, 2019)

(Garaufis, J.) (finding indemnification agreement had limited probative value to a § 1983

excessive force claim).  Any reference to defense counsel as "City" attorneys may also give the

false impression the City is still a party to this case.  These suggestions may unfairly prejudice

Defendants by "encourag[ing] a jury to inflate its damages award because it knows the

government—not the individual defendants—is footing the bill."  *Williams v. McCarthy*, 05-CV-

10230, 2007 WL 3125314, at *7 n.46 (S.D.N.Y. Oct. 25, 2007) (Scheindlin, J.) (quoting *Lawson

v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998)); *Hernandez*, 2011 WL 2117611, at *6

(precluding admission of indemnity agreement and noting that if jury "see[s] a 'deep pocket'

they may not carefully assess issues of liability/damages.").  The Court thus grants Defendant's

motion to preclude Plaintiff from making these references or suggestions.

### c. *Request for a Specific Dollar Amount from the Jury*

Defendant requests the Court preclude Plaintiff from requesting a specific dollar amount

from the jury.  Def.'s Mot. at 7.  The Second Circuit has "not adopted a per se rule about the

propriety of suggested damage amounts."  *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912

(2d Cir. 1997).  Instead, whether Plaintiff's counsel may suggest a specific dollar amount of

damages is within the discretion of the trial judge, "who may either prohibit counsel from

mentioning specific figures or impose reasonable limitations, including cautionary jury

instructions."  *Id.*  In the context of monetary awards for pain and suffering, however,

"specifying target amounts for the jury to award is disfavored."  *Consorti v. Armstrong World*

*Industries, Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996).

Accordingly, the Court adopts the approach of other courts in this Circuit and prohibits Plaintiff from submitting to the jury a request for a specific dollar amount regarding his non-economic damages.  *See Ashley v. Civ.*, 14-CV-5559, 2019 WL 1441124, at *11 (E.D.N.Y. Apr. 1, 2019) (Garaufis, J.); *see also Equal Emp. Opportunity Comm'n v. United Health Programs of Am., Inc.*, 14-CV-3673, 2017 WL 10088567, at *13 (E.D.N.Y. Sept. 4, 2017) (Matsumoto, J.) ("The court will, therefore, preclude plaintiffs from suggesting or requesting at trial a specific dollar amount regarding their noneconomic damages"); *Jean-Laurent*, 840 F. Supp. 2d at 558 (precluding plaintiff's counsel from submitting a specific dollar amount regarding damages for pain and suffering, but permitting plaintiff's counsel to submit a dollar amount regarding other compensable damages if supported by admissible evidence during case in chief).  However, Plaintiff is permitted to argue to the jury with respect to a specific dollar amount for any compensable damages, such as previously incurred or foreseeable medical expenses, if supported by admissible evidence.  Therefore, Defendant's motion to preclude Plaintiff from requesting a specific dollar amount from the jury is granted in part and denied in part.

### d.  Testimony Regarding Plaintiff's Medical Diagnosis and Cause of Injuries

Defendant next seeks to preclude Plaintiff from testifying about any medical diagnosis he received in connection with the alleged incident and about the cause of his injuries.  Def.'s Mot. at 8-9.  Defendant argues Plaintiff may not testify as to either topic because he is not an expert. *Id.*  Plaintiff has not responded to or otherwise opposed either request.

The Court agrees with Defendant.  Rule 701 of the Federal Rules of Evidence permits lay witnesses to testify only about opinions that are "rationally based on the witness's perception,"

and "not based on scientific, technical, or other specialized knowledge within the scope of Rule

702." *Maehr v. NRG Home Solar*, No. 16-CV-3897, 2019 U.S. Dist. LEXIS 61865, at *6

(E.D.N.Y. Apr. 10, 2019) (Spatt, J.) (quoting Fed. R. Evid. 701(a) & (c)).  Medical diagnoses

and their causes are highly technical and thus generally require specialized testimony.  *See*

*Barnes v. Anderson*, 202 F.3d 150, 159 (2d Cir. 1999) ("[E]xpert medical opinion evidence is

usually required to show the cause of an injury or disease because the medical effect on the

human system of the infliction of injuries is generally not within the sphere of the common

knowledge of the lay person.") (citations omitted); *Kokoska v. City of Hartford*, No. 12-CV-

1111, 2014 U.S. Dist. LEXIS 133262, at *9 (D. Conn. Sept. 23, 2014) ("In the absence of expert

testimony or medical records, Plaintiff may not testify that he suffers from a particular

psychological diagnosis or that such psychological condition is causally related to the evenets

giving rise to this claim."); *see also Burdick v. Kurilovitch*, No. 14-CV-1254, 2017 U.S. Dist.

LEXIS 227696, at *26 n.11 (N.D.N.Y. 2017) ("Testimony based on scientific, technical, or

specialized knowledge, such [as] a medical diagnosis, however, is not admissible lay opinion

testimony.").  Because Plaintiff is not qualified to give such testimony, the Court grants

Defendant's motion to preclude Plaintiff from testifying about these subjects.  *See Vogelfang v.*

*Riverhead Cnty. Jail*, No. 4-CV-1727, 2012 U.S. Dist. LEXIS 58064, at *21-22 (E.D.N.Y. Apr.

19, 2012) (Feuerstein, J.) (preventing plaintiff from testifying "as a layperson regarding the

diagnosis and prognosis of her injuries, issues on which she was not competent to testify.").

### e.   *Testimony of Dr. Mark Brandon*

Defendant also seeks to limit the testimony of physician Dr. Mark Brandon to his

treatment of Plaintiff and to preclude Dr. Brandon from providing expert testimony, including

about the cause of Plaintiff's injuries.  Def's Mot. at 10-11.  Defendant claims Plaintiff failed to

disclose Dr. Brandon as an expert or produce an expert report for him, or otherwise comply with the requirements of Rule 26 of the Federal Rules of Civil Procedure. *Id.* at 11. Plaintiff again does not oppose or otherwise respond to this request.

Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure requires parties to disclose to the identity of all expert witnesses it may use at trial. While expert witnesses must generally provide a written report under Rule 26(a)(2)(B), it is well-settled that treating physicians may "testify at trial without the requirement of a written report" because they have not been retained or employed to provide expert testimony. *Spencer v. Int'l Shoppes, Inc.*, No. CV 06-2637, 2011 U.S. Dist. LEXIS 106402, at *6 (E.D.N.Y. Sept. 20, 2011) (Tomlinson, Mag. J.); *Hogan v. Vandewater*, No. 11-CV-754, 2016 U.S. Dist. LEXIS 194494, at *14 (N.D.N.Y. Apr. 27, 2016) (citing cases). But their testimony must be limited to "opinions formed during their treatment, including causation, severity, disabled, permanency and future impairments." *Williams v. Regus Mgmt. Grp., LLC*, No. 10 Civ. 8987, 2012 U.S. Dist. LEXIS 68551 (S.D.N.Y. May 11, 2012) (Furman, J.). Put another way, treating physicians are "permitted to offer opinion testimony on diagnosis, treatment, prognosis and causation, but solely as to the information he/she has acquired through the observation of the Plaintiff in his/her role as a treating physician limited to the facts in Plaintiff's course of treatment." *Spencer*, 2011 U.S. Dist. LEXIS 106402, at *4.

"The party that fails to comply with Rule 26(a) . . . bears the burden of proving both that its non-compliance was substantially justified, and that it was harmless." *Rodriguez v. Vill. of Port Chester*, 535 F. Supp. 3d 202, 209-10 (S.D.N.Y. 2021) (McCarthy, Mag. J.) (quoting *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 159 (S.D.N.Y. 2012)); *see* Fed. R. Civ. P 37(c)(1).

Because Plaintiff has not produced an expert report or properly identified Dr. Brandon as an expert as required by Rule 26(a), his testimony must be limited.  *See Williams,* 2012 U.S. Dist. LEXIS 68551, at *8-9.  The Court will permit Dr. Brandon to "opinions formed during [Plaintiff's] treatment, including causation, severity, disability, permanency and future impairments," *id.*, but solely as to information he has acquired through observation and treatment of Plaintiff in his role as his treating physician.[3]  *See Motta v. First Unum Life Ins. Co.*, No. CV 09-3674, 2011 U.S. Dist. LEXIS 105524, at *13-14 (E.D.N.Y. Sept. 19, 2011) (Tomlinson, Mag. J.) (limiting the testimony of a treating physician to the "diagnosis, treatment, prognosis and causation [of Plaintiff's injuries], but solely as to the information he has acquired through observation of the Plaintiff in his role as a treating physician limited to the facts in Plaintiff's course of treatment."); *Hogan*, 2016 U.S. Dist. LEXIS 194494, at *17 (same).  Accordingly, Defendant's motion in limine is granted and denied in part.

### f.  *Reference to Unrelated Claims of Police Misconduct*

Defendant urges the Court to bar Plaintiff from referring to any unrelated instances of police misconduct, class actions, and criminal investigations or from using any terms such as "testilying" and "blue wall of silence."  Def.'s Mot. at 11-12.  Defendant argues these references are irrelevant, inadmissible, and would only serve to inflame the jury.  *Id.*  Plaintiff has not opposed or otherwise responded to this request.

---

[3] Defendants also state Dr. Brandon did not commence treatment of Plaintiff until April 16, 2018, nearly two years after the incident, and thus cannot draw any conclusions regarding the cause of Plaintiff's injuries.  But this does not provide a wholesale basis to exclude Dr. Brandon's testimony on causation.  If Defendant wishes to raise any issues concerning Dr. Brandon's evaluation to the jury, it may do so on cross-examination.

The Court agrees that references to misconduct by other police officers who are not parties to this case are not relevant.  *See Gibbs v. Borona*, No. 16-CV-635, 2021 U.S. Dist. LEXIS 59315, at *21 (D. Conn. Mar. 29, 2021) (precluding reference to other nationally publicized instances of alleged police misconduct).  Moreover, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice and confusion because it may suggest to the jury that Defendant acted in conformity with the wrongful conduct of other officers.  *See Gogol v. City of New York*, No. 15 Civ. 5703, 2017 U.S. Dist. LEXIS 221874, at *16 (S.D.N.Y. Sept. 26, 2017) (Ramos, J.).  Likewise, terms such as "testilying" and "blue wall of silence" evoke similar prejudicial overtones and must also be excluded.  *See Engman v. City of Ont.*, No. EDCV 10-284 CAS, 2011 U.S. Dist. LEXIS 66128, at *11 (C.D. Cal. June 20, 2011) (excluding similar terms because of the danger of unfair prejudice); *Branch v. Umphenour*, No. 8-CV-1655-SAB, 2017 U.S. Dist. LEXIS 7032, at *18-19 (E.D. Cal. Jan. 18, 2017) (same).  The Court grants Defendant's motion to exclude these references.

### g.  *Claims of Racial Bias*

Defendant moves to bar Plaintiff from arguing or suggesting his arrest was racially motivated.  Def.'s Mot. at 12-13.  As a threshold matter, a blanket ruling on the admissibility of prejudice or bias is premature at this stage.  Evidence of bias may be admissible for some, but not all, purposes, including to impeach the credibility of testifying witnesses.  *See L-3 Communs. Corp. v. OSI Sys.*, No. 02 Civ. 9144, 2006 U.S. Dist. LEXIS 19686, at *26 (S.D.N.Y. Apr. 11, 2006) (Crotty, J.) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he testified less probable in the eyes of the jury than it would be without such testimony.") (quoting *United States v. Abel*, 469 U.S. 45, 50 (1984)).  But as Defendant notes, evidence of bias may not be admissible where its probative value is

substantially outweighed by a danger of unfair prejudice or where it is irrelevant to Plaintiff's

claims. *See Calloway v. Hayward*, No. 08-CV-01896, 2017 U.S. Dist. LEXIS 9903, at *10 (E.D.

Cal. Jan. 24, 2017) (precluding a plaintiff from introducing evidence of racial discrimination

where bias was "irrelevant to [p]laintiff's claims."); *see also Martinez v. City of Chicago*, No.

14-CV-369, 2016 WL 3538823, at *13 (N.D. Ill. June 29, 2016) ("Although racial bias could be

relevant to a claim of false arrest, there is no evidentiary basis for introducing allegations of

racial animus into this trial").  The line between the admissibility of such testimony is, however,

often fact-specific, and the parties have not provided the Court with information regarding the

nature and circumstances of the evidence sought to be introduced.  The Court therefore denies

Defendant's request as premature. *See Johns v. Village of Sauk Village*, 98 F. Supp. 2d 968, 970

(N.D. Ill. 2000) (denying motion in limine to exclude evidence of bias where the Court has "no

details" for it to determine its admissibility).

### h.  Claims that Defendant Should Have Responded Differently or Used Less Force

Defendant argues Plaintiff should be barred from arguing Defendant should have

responded differently or used less force in executing the arrest. Def.'s Mot. at 14.

Under *Graham v. Connor*, the standard for cases involving excessive force is one of

reasonableness, which "must be judged from the perspective of a reasonable officer on the scene,

rather than with the 20/20 vision of hindsight."  490 U.S. 386, 396 (1989).  This analysis "does

not include an evaluation of the choices, or lack thereof, the officer has at his disposal at the

relevant moment." *Bermudez*, 2019 U.S. Dist. LEXIS 3442, at *27 (citing cases).  The

availability of alternatives thus has limited probative value. *See Bancroft v. City of Mt. Vernon*,

672 F. Supp. 2d 391, 406 (S.D.N.Y. 2009) (McMahon, J.) (explaining that if the force used was

reasonable, "it does not matter that some less intrusive alternative would have done the job").

12

And whatever relevance it may have is outweighed by the risk of unfairly prejudicing Defendant and confusing the jury. *See Bermudez*, 2019 U.S. Dist. LEXIS 3442, at *27 ("[P]ermitting plaintiff to inquire into alternative or lesser means of force would also run afoul of Rule 403 by confusing the triable issues before the jury."). The Court thus grants Defendant's motion on this point.

### i.   *Plaintiff's Prior Arrests*

Defendant also seeks to introduce evidence of Plaintiff's prior arrests, including an arrest from August 29, 2014 for allegedly assaulting his daughter. Def.'s Mot. at 16. Plaintiff argues that admitting evidence of his prior arrests would unduly prejudice him. Pl.'s Mot. at 2.

The Court will allow the admission of Plaintiff's past arrests only if it is offered to assist the jury in assessing Plaintiff's emotional damages. Courts in this Circuit have repeatedly found that a plaintiff's criminal history is relevant for this purpose. *See Wilson v. City of New York*, No. 06-CV-229, 2006 U.S. Dist. LEXIS 90050, at *1-2 (E.D.N.Y. Dec. 13, 2006) (Pohorelsky, Mag. J.) (noting that "one who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never been detained."); *see also Banushi v. Palmer*, No. 08-CV-2937, 2011 WL 13894, at *3 (E.D.N.Y. Jan. 4, 2011) (Matsumoto, J.), *aff'd*, 500 F. App'x 84 (2d Cir. 2012). The Court agrees and permits Defendant to inquire into Plaintiff's past arrests to assist the jury in assessing the extent of Plaintiff's emotional damages.

However, evidence of Plaintiff's arrests may carry a "grave risk of unfair prejudice, confusing the issues, and misleading the jury." *Davis v. Velez*, 15 F. Supp. 3d 234, 252 (E.D.N.Y. 2014) (Weinstein, J.), *aff'd*, 979 F.3d 192 (2d Cir. 2015). Accordingly, Defendant will not be permitted to inquire into the nature or the reasons for Plaintiff's past arrests. *See Ramos v. Cnty. of Suffolk*, 707 F. Supp. 2d 421, 424 (E.D.N.Y. 2010) (Spatt, J.) (allowing

defendant to question plaintiff about her prior arrests but precluding defendant from inquiring into the reasons for the arrests); *see also Edwards*, 2011 WL 2748665, at *4 ("Defense counsel may be able to present evidence that plaintiff has been arrested and incarcerated before based on plaintiff's testimony during his case-in-chief, but may not in any event inquire as to the nature of the arrests and may only ask about the date and duration of incarceration and the Court will instruct the jury that such evidence may be used only for the purpose of determining damages for emotional distress."). If requested by the parties, the Court will consider providing a limiting instruction to the jury that evidence of Plaintiff's arrests is only admissible for the determination of damages. Accordingly, Defendant's motion is denied and Plaintiff's motion is granted in this respect.

### j. *Evidence Regarding the Outcome of the Criminal Case Underlying the Complaint*

Defendant finally seeks to preclude Plaintiff from introducing the Certificate of Disposition of the state court criminal case underlying the complaint in this action, as well as the court record indicating Plaintiff's case ended in a mistrial. Def.'s Mot. at 19-20. Because Plaintiff does not oppose this request and the introduction of these documents raise a risk of prejudice and confusion that outweighs any probative value they may have, the Court grants Defendant's request. *See Nibbs v. Goulart*, 822 F. Supp. 2d 339, 350 (S.D.N.Y. 2011) (Marrero, J.) (precluding plaintiff from introducing a Certificate of Disposition and Criminal Court Action Sheet because of the risk of prejudice and confusion they may cause the jury).

## II.   Plaintiff's Motion in Limine

Plaintiff's motion in limine seeks to preclude Defendant from offering evidence regarding any (1) criminal convictions of Plaintiff; (2) arrests of Plaintiff; and (3) arrests or

14

convictions of witness Terrance Van Excel.  The Court has already ruled on the first and second requests in deciding Defendant's motion in limine.

With respect to the third request, Plaintiff argues witness Terrence Van Excel "has no prior convictions that are punishable by more than a year in jail and therefore should not be the subject of any inquiries by the defense during cross examination pursuant to Fed. R. Evid. 609(a).  Pl.'s Mot. at 3.  While Plaintiff is correct that Rule 609(a)(1) precludes the impeachment of a witness with convictions punishable by imprisonment of less than one year, Rule 609(a)(2) permits such evidence if the witness has been convicted of a crime involving "dishonesty or false statement" regardless of the severity of the punishment.  Fed. R. Evid. 609(a)(1)-(2).  Plaintiff's motion does not include any basis for the Court to make a determination about the nature of Mr. Van Excel's past crimes.  The Court thus denies Plaintiff's motion without prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part both motions in limine at ECF No. 47 and 52.

**SO ORDERED.**

_____
**s/ WFK**
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: July 8, 2022
        Brooklyn, New York

15