UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DARRYL WOOLFOLK,

           Plaintiff,

    v.                                       **MEMORANDUM & ORDER**
                                               19-CV-3815 (WFK) (ST)

MICHAEL BALDOFSKY,

           Defendant.
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:** Plaintiff Darryl Woolfolk ("Plaintiff") brings this action against New York City Police Officer Michael Baldofsky ("Defendant") for excessive force and false arrest under 42 U.S.C. § 1983. Trial commenced on July 11, 2022. At the close of Plaintiff's case, Defendant moved for judgment as a matter of law under Rule 50(a) of the Federal Rules of Civil Procedure, and the Court granted the motion. *See* Order, ECF No. 56. This Decision and Order sets forth the reasons for that decision.

## BACKGROUND

For years, Plaintiff resided in his home with his daughter, Latisha Woolfolk. Tr. 21:2-4,[1] *see* Compl. ¶ 9, ECF No. 1. The two shared a contentious relationship which, on at least two occasions, led to altercations requiring the intervention of law enforcement. The first incident took place on August 29, 2014 and resulted in Plaintiff's arrest. *See* Tr. 39:4-21. The second incident, which is the subject of the instant action, took place on July 3, 2016. Compl. ¶ 9. During this altercation, Plaintiff called the police, and multiple officers of the New York City Police Department ("NYPD"), including Defendant, arrived at the scene. Tr. 38:17-19, *see* Compl. ¶ 10. After allegedly witnessing the Plaintiff punch his daughter in the face, the officers arrested Plaintiff in his home. Answer ¶ 33, ECF No. 18; Pretrial Order at 2, 5, ECF No. 37.

---

[1] "Tr. __." citations refer to pages in the trial transcript.

1

On July 1, 2019, Plaintiff commenced this action against the City of New York and Defendant. *See generally* Compl. Plaintiff alleged his July 3, 2016 arrest was unlawful and that Defendant subjected him to excessive force, causing him injury to his arm, in violation of the Fourth and Fourteenth Amendments to the United States Constitution. *Id.* ¶¶ 9-11. Plaintiff asserted claims of: (1) excessive force; (2) false arrest and imprisonment; (3) negligence; (4) a *Monell* claim against the City of New York; and (5) negligent supervision, retention, and training. *Id.* ¶¶ 12-28.

On January 30, 2020, the parties stipulated to dismiss with prejudice Plaintiff's claims against the City of New York and all claims under New York State law. Stipulation, ECF No. 16. The parties also agreed to dismiss the City of New York from the case. *Id.* Remaining are Plaintiff's claims against Defendant for false arrest and excessive force. *See id.*; *see also* Pre-Trial Order, ECF No. 37.

In the months leading up to trial, Plaintiff's case was plagued by numerous infirmities and by Plaintiff counsel's repeated failure to comply with the Court's individual rules, the local rules of the Eastern District of New York, and the Federal Rules of Civil Procedure. For instance, Plaintiff's counsel failed to appear for the pretrial conference scheduled on May 19, 2022 and did not provide any justification for his absence. Plaintiff's counsel also failed to comply with his discovery obligation and timely produce key witnesses—including Plaintiff's daughter—for depositions. *See* Order, ECF No. 44. Plaintiff's counsel additionally failed to disclose Plaintiff's medical expert to Defendant or to produce a written report for him, as required by Rule 26 of the Federal Rules of Civil Procedure. *See* Decision & Order at 8-10, ECF No. 55.

A jury trial commenced on July 11, 2022. At trial, counsel for the Plaintiff called Plaintiff's neighbor, Terrance Van Exel, as a witness. Tr. at 125. Mr. Van Exel testified that on July 3, 2016, he witnessed Plaintiff's daughter shouting obscenities at Plaintiff. Tr. 128:16-20. Mr. Van Exel testified that at least two to three police officers were present at the scene, Tr. 135:3-6, and one of the officers arrested Plaintiff in his home. Tr. 133:1-6, 133:24-134:6, 135:1-6. However, Mr. Van Exel testified he could not remember what the officer who arrested Plaintiff looked like, Tr. 135:10-12, nor could he describe the officer's general physical appearance, height, or weight. Tr. 135:7-22. Mr. Van Exel also stated he did not see the entirety of the interaction between Plaintiff and the officers, Tr. 130:17-23, and was not inside of Plaintiff's house while Plaintiff was being arrested. Tr. 136:1-5.

Plaintiff also took the stand. He testified that on July 3, 2016, at least three to four officers were present in his home when he was arrested. Tr. 147:5-7. However, Plaintiff did not provide the arresting officer's name. *See* Tr. 166:15-23, 167:2-9. He stated that during his arrest, an officer placed his knee on Plaintiff's back, but he could not remember the officer's name and did not identify Defendant—who was present in the courtroom—as the officer. Tr. 144:15-17. Plaintiff also stated he did not seek medical attention for any injuries immediately following his arrest, Tr. 157:14-19, nor when he was booked and processed. Tr. 157:20-15. Indeed, Plaintiff admitted he did not seek any medical attention until April 12, 2017—nearly nine months after the incident. Tr. 159:2-4. During this hospital visit, Plaintiff told his treating nurse he had injured his shoulder in an unrelated incident two days before that visit, Tr. 161:5-10, which was corroborated by medical records from a later doctor's visit on April 16, 2018. *See* Tr. 162:13-16. Medical records from Plaintiff's April 12, 2017 hospital visit also reveal Plaintiff

3

told his treating physician the pain in his arm had started before the July 3, 2016 incident, though Plaintiff claims these notes are somehow "wrong." Tr. 161:15-162:1.

Counsel for Plaintiff also attempted to introduce medical records allegedly related to Plaintiff's injury from the July 3, 2016 incident. Tr. 150:1-3. However, because the records were neither authenticated, marked, nor identified, as required by the Court's individual rules, Tr. 152:4-23, counsel for Defendant objected, and the Court sustained the objection. Tr. 153:1. Counsel for Plaintiff declined to call any additional witnesses and did not call Defendant as a witness, despite having Defendant, who Plaintiff's counsel had previously identified as a witness, present in court at defense table no more than ten feet away. Tr. 167:23-24. Counsel for Plaintiff thus rested his case. Tr. 168:1-9.

At the close of evidence, but before the start of jury deliberations, Defendant moved for judgment as a matter of law under Fed. R. Civ. P. 50(a). Tr. 168:24-25. After hearing oral argument and carefully considering the record, the Court granted the motion. This Decision and Order explains that decision.

## DISCUSSION

Defendant argues he is entitled to judgment as a matter of law because counsel for Plaintiff failed to: (1) prove he was falsely arrested or subjected to excessive force by Defendant; and (2) show he was injured by the arrest. Tr. 169:14-170:14. Defendant also argues he is entitled to qualified immunity. Tr. 169:20-22.

### I. Legal Standard

A court may grant judgment as a matter of law if, after a party has been fully heard on an issue, the court concludes there is "no legally sufficient evidentiary basis for a reasonable jury to find for the opposing party on an issue essential to a claim." *Flynn-Rodriguez v. Cheng*, No. 14-

CV-2287, 2017 WL 3278889, at *2 (E.D.N.Y. Aug. 1, 2017) (Weinstein, J.) (citing Fed. R. Civ. P. 50(a)(1) and *Tolbert v. Queens Coll.*, 242 F.3d 58, 70 (2d Cir. 2001)). In ruling on a Rule 50(a) motion for judgment as a matter of law, the court "should review all of the evidence in the record" and "draw all reasonable inferences in favor of the nonmoving party." *Fox v. Triborough Bridge & Tunnel Auth.*, 462 F. Supp. 3d 241, 244 (E.D.N.Y. 2020) (Garaufis, J.) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). The court must, however, "not make credibility determinations or weigh the evidence." *Id.*

## II.  Application

A claim for false arrest and excessive force implicates the Fourth Amendment, which prohibits "unreasonable seizures, including arrest without probable cause." *Morris v. Silvestre*, 604 Fed. App'x 22, 24 (2d Cir. 2015) (summary order); *Dickson v. Schenectady Police Dep't*, No. 21-CV-0825, 2022 U.S. Dist. LEXIS 67713, at *10-11 (N.D.N.Y. Apr. 12, 2022). To redress civil rights violations committed by governmental officials, including police officers, 42 U.S.C. § 1983 provides: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law." A § 1983 claim "has two essential elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a deprivation of her rights or privileges secured by the Constitution or federal laws." *Simmons v. Cnty. of Suffolk*, No. 14-CV-3884, 2015 WL 5794347, at *3 (E.D.N.Y. Sept. 30, 2015) (Seybert, J.) (citing *Annis v. Cnty. of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998)).

5

Because no reasonable jury would have a legally sufficient evidentiary basis to find Defendant was the officer who arrested and harmed Plaintiff or that Plaintiff's injuries were proximately caused by Defendant's actions, the Court grants Defendant's Rule 50 motion.

### a. Plaintiff Failed to Identify Defendant Baldofsky as the Arresting Officer

"It is well settled that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Kornegay v. Doe*, 371 F. App'x 178, 179 (2d Cir. 2010) (summary order) (affirming grant of Rule 50 motion because plaintiff "failed to attribute specific actions to any individual defendant," noting the "general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit") (citation and internal quotation marks omitted); *see also Bennett v. Britton*, 609 F. App'x 11, 13–14 (2d Cir. 2015) (summary order) (affirming Rule 50 motion on excessive force claim because plaintiff failed to identify the officer at the arrest site and plaintiff's description of the officer did not match any of the officers at the site).

Here, counsel for Plaintiff failed to present evidence sufficient to permit a reasonable jury to find Plaintiff was falsely arrested or subjected to excessive force by Defendant. Not one of Plaintiff's witnesses was able to identify Defendant Baldofsky as the officer who arrested Plaintiff or injured his arm. Plaintiff also failed to offer any facts showing it was Defendant who injured him. Indeed, neither Plaintiff nor Mr. Van Exel were able to identify Defendant as the officer who arrested Plaintiff, even though Defendant was present in the courtroom during trial. *See* Tr. 135:10-25. Mr. Van Exel could not even testify how many officers were present at the scene, Tr. 135:3-4, or what the officers looked like. Tr. 135:7-25. And Plaintiff was unable to identify any officers who were present by name. Tr. 166:15-25, 167:1-9.

6

Counsel for Plaintiff has therefore failed to introduce evidence that Defendant was personally involved in the alleged deprivations of his constitutional rights. *See Kornegay*, 371 F. App'x at 179 (affirming the district court's grant of a Rule 50(a) motion where plaintiff "failed to present evidence sufficient to permit a reasonable juror to find, by a preponderance of the evidence, that he had satisfied his burden of establishing that something was done to him and *by whom it was done*." (citation and quotation marks omitted) (emphasis in original)). He is therefore unable to establish a violation of 42 U.S.C. § 1983. *See, e.g., Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 291-92 (3d Cir. 2018) (dismissing plaintiff's claims in an excessive-force case where plaintiff "filed suit against only four of the five [officers] and still [could not] identify the actor that kicked him"); *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (dismissing plaintiff's claims where plaintiff "admitted that he was unable to identify which of the ten searching officers" were responsible).

### b. Plaintiff Failed to Establish Defendant's Conduct Was the Proximate Cause of His Injuries

In any § 1983 case, a plaintiff "must prove that the defendant's action was a proximate cause of the plaintiff's injury." *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 161 (S.D.N.Y. 2009) (Karas, J.) (citing *Gierlinger v. Gleason*, 160 F.3d 858, 872 (2d Cir. 1998)). "In order to establish proximate cause, a plaintiff must 'demonstrate that the causal connection between the defendant's action and the plaintiff's injury is sufficiently direct.'" *Phillips v. City of New York*, 871 F. Supp. 2d 200, 205 (E.D.N.Y. 2012) (Brodie, J.) (citing *Burton v. Lynch*, 664 F. Supp. 2d 349, 361 n.17 (S.D.N.Y. 2009) (Sand, J.)). Put another way, proximate cause "requires connecting the force used with the plaintiff's injury." *Johnson v. Cnty. of Nassau*, No. 09-CV-4746 (JS) (MLO), 2010 U.S. Dist. LEXIS 101752, at *9 (E.D.N.Y. Sept. 27, 2010)

(Seybert, J.). Thus, "[e]ven if a Section 1983 defendant's initial act is the 'but for' cause of some ultimate harm . . . he is not legally liable for the harm if an intervening act is a 'superseding cause' that breaks the legal chain of proximate cause.'" *Bogart v. City of New York*, No. 13 Civ. 1017 (NRB), 2015 U.S. Dist. LEXIS 113311, at *13-14 (S.D.N.Y. Aug. 25, 2015) (Buchwald, J.) (citation omitted).

Because Plaintiff failed to demonstrate it was Defendant who arrested him, he did not prove his injuries were proximately caused by Defendant. Even if Plaintiff had made such a showing, he nonetheless failed to provide admissible evidence at trial in support of his claim that Defendant's conduct proximately caused his alleged injuries. Counsel for Plaintiff did not provide any medical testimony diagnosing Plaintiff's injuries or linking them to the July 3, 2016 incident. Further, medical records introduced at trial reveal Plaintiff had admitted his injuries resulted from superseding causes, including injuries to his shoulder from an unrelated incident in April 2017, which occurred before he first sought medical attention for the July 3, 2016 arrest. Tr. 161:5-10, 15-23. Medical records from Plaintiff's April 12, 2017 hospital visit also indicate Plaintiff's shoulder pain started before the July 3, 2016 incident and thus is not related to Plaintiff's arrest. Tr. 162:13-16.

### c. Whether Defendant Is Entitled to Qualified Immunity Is Not a Ground for Judgment as a Matter of Law in this Case.

As an alternative ground for Defendant's motion for judgment as a matter of law, defense counsel submits Defendant is entitled to qualified immunity. Because a reasonable jury could find a legally sufficient evidentiary basis to find for Plaintiff on this ground, the Court rejects this claim.

Qualified immunity protects an officer from § 1983 liability "if (1) his conduct does not violate a clearly established constitutional right, or (2) it was 'objectively reasonable' for the officer to believe that his conduct did not violate a clearly established right." *Theobald v. City of New York*, 406 F. Supp. 3d 270, 276 (E.D.N.Y. 2019) (DeArcy Hall, J.) (quoting *Hartline v. Gallo*, 546 F.3d 95, 102 (2d Cir. 2008)). "[W]hether it was objectively reasonable for an officer to believe that his acts did not violate the plaintiff's clearly established rights 'has its principal focus on the particular facts of the case.'" *Harewood v. Braithwaite*, 64 F. Supp. 3d 384, 398 (E.D.N.Y. 2014) (Chen, J.) (quoting *Kerman v. City of New York*, 374 F.3d 93, 109 (2d Cir. 2004)). "Therefore, where the facts are in dispute, those factual questions must be resolved by the factfinder." *Id.* (citation and quotation marks omitted).

With respect to a § 1983 claim of false arrest, qualified immunity protects an officer if he had "arguable probable cause" to effectuate the arrest, "which exists if (1) it was objectively reasonable for the officer to believe probable cause existed, or (2) officers of reasonable competence could disagree on whether the probable cause test was met." *Dancy v. McGinley*, 843 F.3d 93, 107 (2d Cir. 2016). In the context of excessive force claims, qualified immunity applies if "a reasonable officer could have believed that the use of force alleged was objectively reasonable in light of the circumstances." *Usavage v. Port Auth. of N.Y & N.J.*, 932 F. Supp. 2d 575, 594 (S.D.N.Y. 2013) (Oetken, J.) (citing *Lennon v. Miller*, 66 F.3d 416, 425 (2d Cir.1995)).

As an initial matter, qualified immunity is an affirmative defense for which Defendant has the burden of proof. *Outlaw v. City of Hartford*, 884 F.3d 351, 367 (2d Cir. 2018) (citing cases). Because defense counsel moved for judgment as a matter of law under Rule 50(a) after Plaintiff rested but before Defendant put on his case, Defendant did not introduce evidence

9

sufficient to establish he was entitled to this affirmative defense. Accordingly, the Court denies this claim as premature at this stage of the proceedings.

Even if the Court were to consider Defendant's qualified immunity claim, it must reject it because material facts are in dispute as to whether it was objectively reasonable for an officer to believe the conduct at issue did not violate Plaintiff's clearly established right to be free from false arrest without probable cause. Here, defense counsel argues there was probable cause to believe Plaintiff committed: (1) assault in the third degree in violation of New York Penal Law ("NYPL") § 120.00(1); (2) harassment in the second degree in violation of NYPL § 240.26; (3) obstruction of governmental administration in violation of NYPL § 195.05; and (4) attempted assault, harassment, or obstruction of governmental administration, in violation of NYPL § 110.00. Whether it was objectively reasonable for an officer to believe there was probable cause to arrest Plaintiff for these crimes turns on the circumstances of Plaintiff's arrest, including whether Plaintiff assaulted his daughter. This determination requires an evaluation of the credibility of the witnesses and a factual determination of what the officer faced or perceived, which are questions for the jury. *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007) ("[T]he court that is ruling on the qualified immunity issue must know what the facts were that the officer faced or perceived, and the finding of those facts appears to be a matter for the jury." (quoting *Warren v. Dwyer*, 906 F.2d 70, 77 (2d Cir. 1990) (Winters, J., dissenting) (alterations and quotation marks omitted)). However, because the Court may not make such determinations on a Rule 50(a) motion, *Fox*, 462 F. Supp. 3d at 244, it rejects Defendant's argument.

## CONCLUSION

For the foregoing reasons, no reasonable jury would have a legally sufficient evidentiary basis to find Defendant falsely arrested Plaintiff or subjected him to excessive force. The Court thus granted Defendant's motion and entered judgment against Plaintiff.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August 15, 2022
     Brooklyn, New York